GERSHON M. RATNER
BARTON F. STICHMAN
MARK A. VENUTI
National Veterans Legal
  Services Project
2001 S Street, N.W.
Suite 610
Washington, D.C. 20009
202-265-8305


Attorneys for Plaintiffs

RECEIVED

MAY 15 1991

CLERK, U.S. DISTRICT COURT
SAN FRANCISCO

FILED

MAY 20 1991

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA


BEVERLY NEHMER, et al.,          )
                                 )     Civil Action No.
            Plaintiffs,          )     CV-86-6160 (TEH)
                                 )
      v.                         )
                                 )
                                 )     FINAL STIPULATION AND ORDER
UNITED STATES VETERANS           )
ADMINISTRATION, et al.,          )
                                 )
            Defendants.          )
_____)

FINAL STIP. & ORDER

COPIES MAILED TO
PARTIES OF RECORD

Plaintiffs filed an Emergency Motion for Enforcement and Supplementation of Prior Orders.  As a result of subsequent discussion of the matters raised by plaintiffs' motion, plaintiffs and defendants, through their undersigned counsel, hereby stipulate as follows:

1.    The Veterans' Advisory Committee on Environmental Hazards, ("Advisory Committee" or "Committee") created pursuant to the Veterans' Dioxin and Radiation Exposure Compensation Standards Act of 1984, 38 U.S.C. § 354 note, Sect. 6, will complete its analysis as to whether the scientific or medical evidence reveals a connection between exposure to dioxin and diabetes, lung cancer and peripheral neuropathy (hereafter referred to as the "three diseases") at or shortly after its May 23-24, 1991 meeting and convey its evaluations and any recommendations to the Secretary forthwith.

2.    The Secretary will review the Committee's report and all other relevant scientific or medical evidence he determines appropriate and, for each of the three diseases, make one of the following determinations:  (a) to initiate rulemaking to service connect the disease through the issuance of a proposed positive rule and a final rule as appropriate following public comment on the proposed rule; (b) to initiate rulemaking to issue a negative proposed rule, i.e., rejecting service connection (based on a finding of a lack of evidence establishing a significant statistical association between the

2

FINAL STIP. & ORDER

disease and exposure to dioxin) and a final rule as appropriate following public comment on the proposed rule; or (c) defer issuing any rule (for example, but not limited to, circumstances where there is a decision that there is insufficient current information). The Secretary's determination for each of the three identified diseases will be made and communicated to the Court and plaintiffs no later than July 1, 1991.

3.   As soon as a final rule is issued service connecting, based on dioxin exposure, any of the three diseases, soft tissue sarcoma, and any other disease which may be service connected in the future pursuant to the Agent Orange Act of 1991, 38 U.S.C. § 316(b), the VA shall promptly thereafter readjudicate all claims for any such disease which were voided by the Court's Order of May 3, 1989, as well as adjudicate all similar claims filed subsequent to the Court's May 3, 1989 Order, without waiting for final rules to be issued on any other diseases.

4.   Prior to conducting the adjudications referred to in paragraph 3, above, VA will provide individual notice to each claimant denied benefits under the previous regulation (as identified from the Special Issue Rating System ("SIRS") or as a result of a VA finding based on information brought to its attention by a claimant or claimant's representative, that, although the individual is not on SIRS, he or she had a claim denial that was voided by the Court's Order) that the claims

FINAL STIP. & ORDER

will be readjudicated with all of the procedural rights normally applicable to such VA proceedings. The notice will inform the claimant: that the claim is in the process of being readjudicated; that the claimant will be afforded a reasonable and specified time within which to present evidence or reasons why the claim is meritorious under the new regulations, and that if the claimant does not present such evidence or reasons, VA will readjudicate the claim on the basis of the previous adjudicatory record alone; and that VA will provide notice of the final result. The VA shall conduct all adjudications referred to in paragraph 3 above, in accordance with all the terms of the notice specified in this paragraph.

5.    For any of the three diseases for which the Secretary determines to issue a final positive rule, as well as soft tissue sarcoma, as to which the Secretary has issued a proposed rule providing service connection in certain circumstances, and any other disease which may be service connected in the future pursuant to paragraph 3 above, as to any denials of claims which were voided as a result of the Court's May 3, 1989 Order, the effective date for disability compensation or dependency and indemnity compensation ("DIC"), if the claim is allowed upon readjudication pursuant to paragraphs 3 and 4 above, will be the date the claim giving rise to the voided decision was filed (except as otherwise provided in 38 U.S.C. § § 3010(b)(1), or 3010(d)(1)), assuming the basis upon which compensation is granted after readjudication is the same basis

4

upon which the original claim was filed,[1] or the date the claimant became disabled or death occurred, whichever is later. In the event the basis upon which a claim for compensation benefits is granted after readjudication is different than the basis for the original claim giving rise to the voided decision,[2] the effective date for beginning disability compensation or DIC will be the date on which the claim asserting the basis upon which the claim is granted was filed, or the date the claimant became disabled or death occurred, whichever is later. For any claim for any such disease which was not filed until after May 3, 1989, the effective date for beginning disability compensation or DIC will be the date the claim was filed or the date the claimant became disabled or death occurred, whichever is later.

    6.    For any of the three diseases for which the Secretary determines, pursuant to paragraph 2(c) above, not to issue any rule, and for all other diseases for which the Secretary has not already issued a proposed or final rule, the Agent Orange claims of plaintiff class will not be denied at least until the Secretary acts on the first report from the National Academy of Sciences, or another entity in its stead,

---

[1]    The basis upon which the original claim was filed refers to the disease[s] or condition[s] which Chapter 46 of VA Manual M21-1, paragraph 46.02 required to be coded in the ratings decision contained in the claimant's claim file, which ratings decision was voided by the Court's May 3, 1989 Order.

[2]    E.g., the original claim giving rise to the voided decision was based on a disease different than the disease upon which the claim is granted under the final regulations.

5

FINAL STIP. & ORDER

pursuant to Section 2 of the Agent Orange Act of 1991, Pub. L. 102-4, amending 38 U.S.C. § 316(c). The claims for any of the identified diseases may be denied only if the Secretary makes a determination for such disease, in accordance with 38 U.S.C. § 316(c), as amended, to the effect that there is no positive association for such disease.

7.    Pursuant to the court's protective order, VA will provide to plaintiffs' counsel at plaintiffs' expense, mailing lists of those individuals listed on the Agent Orange Registry and of all Agent Orange claimants identified from SIRS whose names are not currently on the Registry and whose addresses are obtained through computer matches and searches of VA files. Mailing lists, with addresses updated through sources other than Internal Revenue Service, as described below, will be provided within 10 days of any request by plaintiffs' counsel. The "court's protective order" referred to above is Attachment B to the Stipulation and Order of January 12, 1990 entered in this case, the terms of which protective order are incorporated herein by reference. As explained in the court's protective order, the mailing list of individuals will not at this time include current addresses of individuals obtained from Internal Revenue Service taxpayer returns, the disclosure of which may be prohibited by 26 U.S.C. § 6103.

8.    Upon the Court's signing this proposed Final Stipulation and Order, plaintiffs agree to dismiss their Emergency Motion for Enforcement and Supplementation of Prior

6

FINAL STIP. & ORDER

Orders with prejudice.

9.   Upon expiration of 30 days after VA has notified the Court and plaintiffs of the determinations the Secretary has made pursuant to paragraph 2, above, with respect to the three diseases, assuming that there are no motions pending before the Court which directly relate to the parties' compliance with the terms of this Final Stipulation and Order,[3] final judgment will be entered.   The final judgment will provide that it incorporates the terms of the Court's May 3, 1989 decision and this Final Stipulation and Order, but that any provisions of the January 12, 1990 Stipulation and Order which have not been expressly incorporated into this Final Stipulation and Order are superseded.   The parties will seek to agree to the contents of a proposed Final Judgment and submit it to the Court at least 10 days prior to the expiration of the 30 day period referred to above.   Consistent with the Court's practice, the Final Judgment also will result in the case being closed.

10.   Nothing in the Final Stipulation and Order is intended by the parties to waive arguments concerning the Court's jurisdiction after August 6, 1991, except that the parties agree not to dispute the jurisdiction of the Court to enter Final Judgment in accordance with the terms of paragraph

---

[3]   This proviso is without prejudice to, and does not encompass, any claim either party could make with respect to attorney's fees, expenses or costs in this action.

7

FINAL STIP. & ORDER

9 above, or to rule on attorney's fees after August 6, 1991.

Respectfully submitted,

Theodore C. Hirt                    Gershon M. Ratner

Charles W. Sorenson, Jr.            Barton F. Stichman
U.S. Dept. of Justice               Mark A. Venuti
Civil Division, Room 3531           National Veterans Legal
10th & Penn. Ave., N.W.                Services Project
Washington, D.C. 20520              2001 S Street, N.W., Suite 610
202-514-4020                        Washington, D.C. 20009
                                    202-265-8305

Attorneys for Defendants            Attorneys for Plaintiffs and
                                       their Class

May 14, 1991                        May 14, 1991

        It is so ORDERED this __17__ day of May 1991:


        _____
        Thelton E. Henderson
        United States District Judge


FINAL STIP. & ORDER

                                8