IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BEVERLY NEHMER, et al.

          Plaintiffs,

v.

UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS,

          Defendants.

No. C86-6160 TEH

ORDER RE CLL CLAIMS
PROCEDURE

      On July 24, 2006, the Court held a telephonic status conference to assess defendant United States Department of Veterans Affairs' compliance with the Court's Order of April 28, 2006 entitled Order Denying Defendant's Motion for Stay Pending Appeal and Establishing Retroactive Benefits Claims Procedure ("April 28 Order"). Based on the representations made by counsel for both parties in their written submissions and in their oral statements, it is apparent that defendant has begun to establish mechanisms to comply with the procedural steps outlined in the April 28 Order, but that the pace of progress in adjudicating claims and making retroactive payments to class members is woefully inadequate.

      Defendant estimates that it will adjudicate and make payment on claims at a rate of 100 claims files every 120 days, and that the initial group of 1,453 claimants will take 3.5

years to adjudicate. (*See* Joint Status Statement ["JSS"] filed June 26, 2006, Exhibit 2, Responses to Questions 10&11). Following that time frame, defendant would take an untold number of years to adjudicate and make payment on the additional claimants among the 24,011 in the "Mailing Group." Based on this information alone, the Court has grave concern as to defendant's compliance with the April 28 Order's requirement that defendant shall act in good faith to use all resources at its disposal to adjudicate CLL claims and make retroactive payments as quickly as possible. (April 28 Order ¶ 4).

Upon detailed review of all submissions and oral representations by defendant, the Court has determined that VA's estimate of 3.5 years to review the initial group of files simply does not comport with the underlying data. The Court explains as follows. Defendant has represented, through the declaration of Thomas Pamperin, that each claims file requiring "additional development" could be reviewed in approximately 8.45 hours, and that less complex files could be reviewed in considerably shorter time. (Declaration of Thomas Pamperin re Defendant's Motion for Stay Pending Appeal, filed 2/10/06, at ¶ 15). In his declaration, Mr. Pamperin estimated that 25 percent of all claims files would require "additional review." (*Id.*). During the telephonic status conference, counsel for plaintiffs stated that many files are straightforward and will take less than 8.45 hours. Counsel for defendant stated that some files could be reviewed more quickly, but that many will require the 8.45 hours because they require medical expertise.

Defendant also has represented that "VA has assigned the entire Philadelphia Resource Center ["PRC"] staff to the Nehmer CLL project on a full-time basis." (*See* JSS, Exhibit 2, Response to Question 7). In response to a query from the Court at the telephonic conference, defense counsel represented that twenty (20) people are on staff at the PRC and are devoted to the CLL project. Defendant has represented that each staff member has 1,576 available hours for work per year. (Pamperin Decl. at ¶ 15). Thus, each staff member works approximately 131.3 hours per month.

2

Based on these numbers, the Court calculates that twenty individuals working 131.3 hours amounts to approximately 2,626 hours devoted to the *Nehmer* CLL process each month. Even if every single file were to take the full 8.45 hours of "additional development" (an estimate that is overly conservative by all accounts), the initial group of 1,453 claimants would require approximately 12,277 hours. Dividing the 2,626 hours of the PRC staff into 12,277 leads to the conclusion that the PRC ought to be able to complete review of the initial files in less than five months (4.68 months to be precise). In other words, the files should be reviewed at a minimum rate of approximately 310 per month. In contrast, defense counsel represented at the telephonic conference that he expects the office to complete somewhat more than 40 files per month (which equates to completion of the initial group in approximately 3 years). This is slightly faster than the estimate in defendant's status statement of 3.5 years, but the Court remains perplexed as to how defendant's estimate could be so high given its own underlying data.

Consequently, the Court hereby ORDERS that defendant electronically file and serve the following documents no later than August 14, 2006:

1. A sworn declaration by the director of the Philadelphia Resource Center, or a higher level official of the VA with supervisory authority over the PRC, attesting to the number of staff, and their hours per year, devoted to the *Nehmer* CLL claims process. If this is different than the twenty full-time staff members that has been represented to the Court, as discussed above, a full explanation for the discrepancy shall be provided by the declarant, with a separate submission by counsel.

2. A submission by counsel for defendant addressing the Court's calculations discussed above and providing a full explanation as to whether defendant agrees with these calculations. Any disagreement with the calculations shall be explained completely and shall be supported by sworn written testimony.

Defendant remains under court order to act with speed, diligence, and good faith, and any actions to the contrary shall subject defendant to contempt proceedings and sanctions in

3

accordance with the inherent authority of the Court. Furthermore, the in-court hearing set during the telephonic conference for September 18, 2006 at 2:00 p.m. shall remain on calendar. Following defendant's submissions in response to this Order, the Court shall issue a pre-hearing order.

IT IS SO ORDERED.

Dated: August 4, 2006

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE