1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10   BEVERLY NEHMER, et al.                    No. C86-6160 TEH

11                         Plaintiffs,         PRE-HEARING ORDER RE
                                               CLL CLAIMS PROCEDURE
12              v.

13
     UNITED STATES DEPARTMENT
14   OF VETERANS AFFAIRS,

15                         Defendants.

16
17
18
19          The Court has received and thoroughly reviewed the parties' responses to the Court's

20   August 8, 2006 Order re CLL Claims Procedure.  The Court will address the issues raised in

21   those responses at the in-court hearing scheduled for September 18, 2006 at 2:00 p.m.

22   However, one issue calls for immediate response.  Defendant has taken the position

23   repeatedly that the "VA's adjudication resources remain a zero-sum game," so that resources

24   devoted to *Nehmer* class claims necessarily result in prejudice to non-class veterans.  (Def's

25   Response, filed 8/14/06, at 8:14-15).  The Court rejects this line of argument as inconsistent

26   with the authority of the Court to order remedies that may increase the level of resources – in
27
28

terms of personnel, finances, or otherwise – that a defendant may be required to undertake to meet its legal obligations under a federal court order. *See, e.g., Swann v. Charlotte-Mecklenburg Board of Education*, 402 U.S. 1, 15 (1971); *Toussaint v. McCarthy*, 801 F.2d 1080, 1110 (9th Cir. 1986).

Further, in anticipation of the September 18th hearing, the Court orders that the parties submit a joint pre-hearing statement by September 11, 2006.  The statement shall address, *inter alia*, the following issues:

1. The current status of defendant's CLL claims procedure, including the current and anticipated rates of processing, and whether a workforce of twelve Rating Veterans Service Representatives (RVSRs), with eight supervisors, is a reasonable staffing allocation to meet defendant's legal obligations;

2. All unresolved areas of dispute regarding plaintiffs' access to information, with explanations from plaintiffs as to their need for the information and from defendant as to their reason(s) why access should be denied; the parties shall be mindful that the Court expects plaintiffs to have reasonable access to information so that they can make informed judgments as to defendant's implementation of the Court's orders;

3. Whether the Court should appoint a court expert, at defendant's expense, with full access to defendant's records and facilities, to advise the Court as to the efficiency and reasonableness of defendant's process and output; and

4. Any other issues the parties believe are relevant to the CLL claims procedure.

2

The parties shall be fully prepared to discuss these issues at the September 18th hearing as well.

      IT IS SO ORDERED.

Dated:    8/29/06

_____

HON. THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE

**United States District Court**

For the Northern District of California

3