IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BEVERLY NEHMER, et al.,

                Plaintiffs,

                v.

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,

                Defendant.

NO. C86-6160 TEH

SECOND ORDER RE CLL CLAIMS PROCEDURE

        On September 18, 2006, the Court held an evidentiary hearing to assess defendant United States Department of Veterans Affairs' compliance with the Court's Order of April 28, 2006, entitled Order Denying Defendant's Motion for Stay Pending Appeal and Establishing Retroactive Benefits Claims Procedure ("April 28 Order"). The Court heard argument from counsel for plaintiffs and defendant, as well as testimony from Thomas J. Pamperin, Assistant Director for Policy of the Compensation and Pension Service of the Veterans Benefits Administration of the United States Department of Veterans Affairs ("VA"). Having thoroughly considered the representations made by counsel in the Joint Pre-Hearing Statement (filed September 11, 2006) and at the hearing, and the testimony of Mr. Pamperin, the Court orders as follows:

        Defendant shall file with the Court by October 31, 2006, a statement of the rate of processing of *Nehmer*-related CLL claims. The statement shall include the rate at which CLL claims are being processed to completion by the Philadelphia Resource Center ("PRC") and the rate at which final notifications and rating decisions are made by the central office and actually sent to claimants. The statement also shall include the current number of claimants in the "500 Group" and in the "Mailing Group." The statement shall be supported by a declaration under oath by the director of the PRC or an official of the VA with

United States District Court
For the Northern District of California

supervisory authority over the PRC. The purpose of this reporting is to allow defendant the time it has requested for the PRC to "ramp up" to its full capacity, and to provide the Court with solid data to scrutinize and to guide its determination in ensuring that defendant processes CLL claims with speed, diligence, and good faith.

The statement also shall address plaintiffs' request to review VA files for potential claimants whose mail has been returned as undeliverable. In particular, defendants shall state whether the parties have come to agreement upon a process whereby the VA will promptly seek the appropriate information from an external source as a preliminary step to granting plaintiffs access to all or a portion of the claimant's file.

Plaintiffs shall file a response to defendant's statement by November 8, 2006. The Court thereafter will contact the parties to schedule a telephonic or in-court hearing, at the Court's discretion depending on the contents of the statement and response.

**IT IS SO ORDERED.**

Dated: 10/11/06

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2