IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY NEHMER, et al.<br><br>             Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT<br>OF VETERANS AFFAIRS,<br><br>             Defendant. | NO. C86-6160 TEH<br><br>ORDER RE CLL CLAIMS<br>PROCEDURE |

On February 12, 2007, the Court issued an Order Mandating CLL Claims Procedure Status Report. In response, defendant United States Department of Veterans Affairs ("VA") filed a status report on February 20, 2007, and plaintiffs filed a response on February 27, 2007. As context, defendant had previously reported that the Philadelphia Resource Center ("PRC") had increased its processing volume to a rate of 360 *Nehmer*-related CLL draft decisions in October 2006. *See* Defendant's Response to Court Order, filed October 31, 2006, at 2:11. Upon receipt of the VA's February 20th status report, the Court was distressed to learn that the PRC's claims processing rate plummeted in December 2006 to a mere 54 draft decisions, and that the rate remained below an acceptable level (139 draft decisions) in January as well. These figures are insufficient on their face, especially given the importance of this process which the Court previously has expressed on numerous occasions.

Defendant provides no adequate explanation, stating only that the period in question was the "holiday period," with employees taking increased vacations and using excess leave time prior to the end of the government's leave year on January 7, 2007. Defendant's counsel had previously explained to the Court (during a telephonic conference on December 5, 2006) that a less drastic drop in the processing rate in November 2006 was within the VA's normal anticipation of a "little degradation in throughput" during a month with significant holiday time. But a six-fold "degradation" can hardly be described as little, and is more akin to utter disintegration – albeit perhaps temporary – of the claims-processing procedure. In any event the Court views it as a blatant violation of its prior orders and the prior representations made by defendant.

Nevertheless, the Court recognizes that plaintiffs did not even address the drop in the processing rate at the PRC in their February 27 response. Due to this apparent acquiescence, the Court will refrain at this time from pursuing its original intention of issuing a *sua sponte* Order to Show Cause for contempt. Instead, defendant is instructed to file a joint status report identifying the following:

1. The number of employees (in terms of full time equivalency) at the PRC and the central office devoted to processing *Nehmer*-related CLL claims;

2. The rate of processing at both offices for the past two months;

3. The anticipated future rate of processing at both offices;

4. The anticipated date by which all claims shall be completed;

5. If there is any present backlog of claims at the central office, defendant's plan to promptly eliminate that backlog and to keep pace with the PRC processing rate.

6. The number and percentage of vacation or excess leave days taken by employees in the PRC during the month of December 2006 in comparison with the norm for that year (or any other benchmark that the VA can calculate without being overly burdened).

7. Whether the VA has a plan to make up for the decreased number of claims processed in December 2006 and January 2007, and if so what that plan entails.

2

The Status Report shall be supported by an appropriate declaration. Defendant shall file its Status Report by April 10, 2007. Plaintiffs shall respond to defendant's submission by April 17, 2007. The Court will reserve decision as to how to proceed, and whether to schedule another status conference, by phone or personal appearance, until after reviewing the report and response.

**IT IS SO ORDERED.**

Dated: 3/28/07

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT