NATIONAL VETERANS LEGAL
SERVICES PROGRAM
Barton F. Stichman (DC SB# 218834) (pro hac vice)
Richard V. Spataro (DC SB# 975956) (pro hac vice)
Alessandra M. Venuti (DC SB# 1017138) (pro hac vice)
1600 K Street, NW, Suite 500
Washington, DC 20006
Telephone: (202) 265-8305
Facsimile: (202) 223-9199
bart@nvlsp.org
richard@nvlsp.org
alie@nvlsp.org

*Attorneys for Plaintiffs*

U.S. DEPARTMENT OF JUSTICE
BRIAN M. BOYNTON
Acting Assistant Attorney General
LESLEY R. FARBY
Assistant Director
Federal Programs Branch
M. ANDREW ZEE
Attorney
Federal Programs Branch
450 Golden Gate Ave., Room 7-5395
San Francisco, CA 94102
Telephone: (415) 436-6646
Fax: (415) 436-6632
Email: m.andrew.zee@usdoj.gov

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BEVERLY NEHMER, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF VETERANS AFFAIRS,<br><br>*Defendant*. | CASE NO. 3:86-cv-06160 WHA<br><br>**STIPULATION AND [PROPOSED] ORDER TO MODIFY DEADLINE FOR THE VA TO ISSUE REPLACEMENT DECISIONS UNDER NOVEMBER 5, 2020 ORDER, ECF NO. 492, AND TO SET OTHER VA OBLIGATIONS** |

**STIPULATION**

Pursuant to Local Rule 6-2, Class Counsel, on behalf of Beverly Nehmer and the plaintiff class ("Plaintiffs"), and Defendant, the U.S. Department of Veterans Affairs (the "VA"), respectfully request that the Court modify the current July 3, 2021 deadline for the VA to issue replacement decisions for the veterans identified under the Court's Order on Motion for Enforcement of Final Judgment, ECF No. 492, by extending that deadline to November 30,

2022, subject to several conditions concerning enhancement of the replacement decision process to which the parties have agreed. In support of this request, which pursuant to Local Rule 6-2(a) is accompanied by the Declaration of Thomas J. Murphy, the VA's Acting Under Secretary for Benefits, the parties stipulate and agree as follows:

1. On July 10, 2020, Plaintiffs filed a Motion for Enforcement of Final Judgment, seeking to compel the VA to readjudicate certain disability benefits decisions of Blue Water Navy veterans pursuant to the Final Stipulation and Order in this case filed on May 21, 1991. ECF No. 460. Following briefing and oral argument on Plaintiffs' Motion, the Court on November 5, 2020 issued its Order on Motion for Enforcement of Final Judgment (the "Order"), ECF NO. 492. In the Order, the Court granted Plaintiffs' Motion and ordered the VA to:

> (1) identify, within 120 days of the date of this order, all of the *Nehmer* readjudication decisions made pursuant to the consent decree in which the VA denied compensation on the ground that the veteran was not entitled to the presumption of herbicide exposure because the veteran did not set foot on the landmass of Vietnam or serve in the inland waterways of Vietnam; (2) issue, within 240 days of the date of this order, a replacement decision that determines: (a) whether the veteran served in the territorial waters of the Republic of Vietnam during the war and, if so, (b) the amount of retroactive compensation, if any, the veteran or the veteran's survivor (or, if the veteran or survivor is deceased, the estate of the deceased veteran or survivor) is entitled under the terms of consent decree; and (3) provide class counsel, pursuant to the Privacy Protection Order (*see* Dkt. Nos. 224, 446, 447), with a copy of (a) all of the *Nehmer* readjudication decisions identified, (b) all of the replacement decisions issued, and (c) each notice letter sent to the class members and coding sheet associated with such replacement decisions.

*Id.* at 10. Because the Order issued on November 5, 2020, the deadline to satisfy paragraph 1 was March 5, 2021, and the deadline to satisfy paragraph 2 is July 3, 2021.

2. On March 5, 2021, the VA timely satisfied paragraph 1 of the Order by notifying Plaintiffs that it had identified "all of the *Nehmer* readjudication decisions made pursuant to the consent decree in which the VA denied compensation on the ground that the veteran was not entitled to the presumption of herbicide exposure because the veteran did not set foot on the landmass of Vietnam or serve in the inland waterways of Vietnam." *Id.* The VA also, as a courtesy and pursuant to the Privacy Act Protection Order in this case, provided Plaintiffs with a spreadsheet containing the name, VA claims file number, and Social Security number of each of the 60,492 veterans identified.

3.      On March 5, 2021, the VA also notified Plaintiffs of its intent to request a modification of the July 3, 2021 deadline to perform paragraph 2 of the November 5, 2020 Order, given the large number of *Nehmer* readjudication decisions the VA had identified, the limited resources available to the Veterans Benefits Administration, as well as constraints placed on the agency's adjudication processes by the COVID-19 pandemic.  Thereafter, the parties exchanged additional correspondence and held multiple telephone conferences, including on April 5 and April 12, to discuss a potential extension request and potential enhancements of the VA's obligations under the November 5, 2020 Order.

4.      Based on the large number of *Nehmer* readjudication decisions the VA identified on March 5, 2021 for which replacement decisions will need to be issued, the limited resources available to the VA to perform the readjudications, and constraints on evidentiary access imposed by the COVID-19 pandemic, the VA conveyed to Plaintiffs that it anticipates that it will require until the end of November 2022 to issue replacement decisions for the affected disability and death compensation claimants.  The 120 days permitted by the Order is not sufficient time for the VA to issue replacement decisions for the more than 60,000 *Nehmer* readjudication decisions it identified on March 5, 2021, and to attempt to reallocate VA resources in an effort to meet that deadline would substantially affect the VA's overall mission to the detriment of other veteran populations.  A detailed explanation of the severe constraints that the current July 3, 2021 deadline would impose and the limited VA resources and constraints that require extension of that deadline to November 30, 2022 is contained in the attached Declaration of Thomas J. Murphy.

5.      Following the parties' productive meet-and-confer efforts, Plaintiffs and Defendant have consented to this request to extend the VA's deadline to issue replacement decisions to November 30, 2022, subject to the conditions described below.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties, subject to approval by the Court, that:

1.   The VA's deadline to issue replacement decisions pursuant to paragraph 2 of the November 5, 2020 Order be modified and extended to November 30, 2022, under the conditions set forth below;

2.   In furtherance of its paragraph 2 obligations, the VA intends to devote at least the same magnitude of resources to the process of issuing replacement decisions as the VA devoted to adjudicating claims under the Blue Water Navy Vietnam Veterans Act of 2019;

3.   The VA shall, beginning July 30, 2021, and every three months thereafter, provide to Class Counsel (a) a quarterly report on the replacement decisions issued since the previous report, (b) the documents specified in paragraph 3 of the November 5, 2020 Order for those replacements decisions, (c) a document listing the VA claims file number of those cases listed in the quarterly report in which a VA notice letter was not sent because the VA did not then possess a current address to which to mail the notice letter; (d) notice letters sent by the VA after the last quarterly report because the VA obtained a current address to which to send the notice letter and (e) the information set forth in paragraph 6 below about payees whom the VA has been unable to locate for purposes of making payment.  The quarterly report shall include an Excel spreadsheet containing, for each veteran or surviving family member for whom a replacement decision has been issued, the following information:

   a.   The same information for that veteran or surviving family member previously disclosed to Class Counsel on March 5, 2021 (that is, the social security number of the living or deceased veteran; the VA claims file number; the last, first and middle name of the veteran; and the date of the veteran's death, if applicable);

   b.   The effective date for disability or death benefits awarded in the replacement decision based on a presumptive condition.  In the event a disability claim involves more than one presumptive condition, the VA will provide one date—the earliest effective date for all presumptive conditions at issue in the disability claim;

|   |   |   |
|---|---|---|
| | c. | The full amount of the retroactive disability or death benefits awarded in any replacement decision that results in an increase in benefits awarded; and. |
| | d. | The address to which the notice letter accompanying the replacement decision was sent, but only to the extent that the VA is able to populate the Excel spreadsheet on an automated basis.  The VA will investigate the feasibility of an automated process to include on the spreadsheets provided with each quarterly report a column containing the address(es) on each of the notice letters for the VA's replacement decisions.  If the VA determines that an automated process is feasible, it will so advise Class Counsel and provide the address information with each quarterly report.  If the VA determines that an automated process is not feasible, it will so advise Class Counsel.  Class Counsel agrees to accept in good faith the VA's determination of feasibility.  Regardless of the VA's determination, the VA will continue to provide copies of all notice letters for replacement decisions to Class Counsel to satisfy paragraph 3 of the Order. |

4. When, pursuant to paragraph 3 of the November 5, 2020 Order, the VA provides Class Counsel "with a copy of (a) all of the *Nehmer* readjudication decisions identified, (b) all of the replacement decisions issued, and (c) each notice letter sent to the class members and coding sheet associated with such replacement decisions," ECF No. 492, it will provide PDF copies with Optical Character Recognition ("OCR") to the maximum extent feasible.  While the VA anticipates the very large majority of documents provided will be capable of OCR, it has advised, and Plaintiffs have acknowledged, that a limited number of documents, primarily historical documents—for example, prior adjudication decisions dating back several decades in some cases—are unlikely to be capable of OCR.

5. The VA shall send to each adjudicator it assigns to prepare a replacement decision under the November 5, 2020 Order the operative guidance which the VA prepared in

2011 and included in its February 2012 and July 2016 revisions of the Nehmer Training Guide to implement Footnote 1 from the 1991 Final Stipulation and Order in this case.  This guidance is currently referenced in the VA's Live Manual at Part IV, Subpart ii, Chapter 2, Section C, Topic 4(d).

6. The VA shall continue its practice of providing Class Counsel with information about unlocated payees—*i.e.*, those payees whom the VA has been unable to locate for purposes of making payment—by providing with each quarterly report the following, to the extent applicable, for an individual unlocated payee reported: VA claims file number; Social Security number; veteran's first name; veteran's last name; claimant's name (if different from veteran); undeliverable mail has been received; unable to identify a payee; unable to locate payee (payee identified, but no address available); type of mail returned (VCAA, rating, etc.); veteran/claimant's phone number; attempts made to obtain valid address; last known address; comments.  By agreeing to provide this information to Class Counsel, the VA does not concede that any use of this information by Class Counsel to locate payees is compensable for purposes of any future request for attorney's fees and expenses.

7. On November 30, 2022, the VA shall provide an Undeliverable Report to Class Counsel.  The Undeliverable Report, shall contain the information set forth below for each payee to whom the VA has either sent a check or transferred money by direct deposit for the amount of retroactive compensation owed to the payee as a result of a replacement decision and the check was returned to the VA as undeliverable or the VA receives notice that the direct deposit failed.  The Undeliverable Report will include VA claims file number, Social Security number; veteran's first name; veteran's last name; payee name; reason for payment return, payment amount returned, date of return, and address of payment (if sent by mail).

Respectfully submitted,

DATED: May 12, 2021

NATIONAL VETERANS LEGAL SERVICES PROGRAM
Barton F. Stichman (DC SB# 218834) (pro hac vice)
Richard V. Spataro (DC SB# 975956) (pro hac vice)
Alessandra M. Venuti (DC SB# 1017138) (pro hac vice)
1600 K Street, NW, Suite 500
Washington, DC 20006
Telephone: (202) 265-8305
Facsimile: (202) 223-9199
bart@nvlsp.org
richard@nvlsp.org
alie@nvlsp.org

By: */s/ Barton F. Stichman (by permission)*
　　　Barton F. Stichman

*Attorneys for Plaintiffs*

DATED: May 12, 2021

U.S. DEPARTMENT OF JUSTICE

BRIAN M. BOYNTON
Acting Assistant Attorney General

LESLEY R. FARBY
Assistant Director
Federal Programs Branch

By: */s/ M. Andrew Zee*
　　　M. ANDREW ZEE (CA Bar #272510)

United States Department of Justice
Civil Division, Federal Programs Branch
450 Golden Gate Avenue, Room 7-5395
San Francisco, CA 94102
Telephone: (415) 436-6646
Fax: (415) 436-6632
Email: m.andrew.zee@usdoj.gov

*Attorneys for Defendant*

**ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest that I am the ECF user whose ID and password are being used in the electronic filing of this document. I further attest that I have obtained the concurrence in the filing of this document from the other signatory.

*/s/ M. Andrew Zee*
M. ANDREW ZEE

**[~~PROPOSED~~] ORDER**

Upon stipulation of the parties, and good cause appearing, the Court hereby orders:

1. The VA's July 3, 2021 deadline set forth in the Court's November 5, 2020 Order to "issue . . . a replacement decision that determines: (a) whether the veteran served in the territorial waters of the Republic of Vietnam during the war and, if so, (b) the amount of retroactive compensation, if any, the veteran or the veteran's survivor (or, if the veteran or survivor is deceased, the estate of the deceased veteran or survivor) is entitled under the terms of consent decree" for each of the veterans identified by the VA on March 5, 2021 is MODIFIED and EXTENDED to November 30, 2022, under the conditions set forth below.

2. The VA shall, beginning July 30, 2021, and every three months thereafter, provide to Class Counsel (a) a quarterly report on the replacement decisions issued since the previous report, (b) the documents specified in paragraph 3 of the November 5, 2020 Order for those replacements decisions, (c) a document listing the VA claims file number of those cases listed in the quarterly report in which a VA notice letter was not sent because the VA did not then possess a current address to which to mail the notice letter; (d) notice letters sent by the VA after the last quarterly report because the VA obtained a current address to which to send the notice letter; and (e) the information set forth in paragraph 5 below about payees whom the VA has been unable to locate for purposes of making payment. The quarterly report shall include an Excel spreadsheet containing, for each veteran for whom a replacement decision has been issued, the following information:

   a. The information for that veteran that was disclosed to Class Counsel on March 5, 2021 (that is, the Social Security number of the veteran; the VA claims file number; the last, first and middle name of the veteran; and the date of the veteran's death, if applicable);

   b. The effective date for disability or death benefits awarded in the replacement decision based on a presumptive condition. In the event a claim involves more than one presumptive condition, the VA will provide

|     |     |
| --- | --- |
| 1   | one date—the earliest effective date for all presumptive conditions at |
| 2   | issue in the claim; |
| 3   | c.  The full amount of the retroactive disability or death benefits awarded for |
| 4   | any replacement decision that results in an increase in benefits award; |
| 5   | and. |
| 6   | d.  The address to which the notice letter accompanying the replacement |
| 7   | decision was sent, but only to the extent that the VA is able to populate |
| 8   | the Excel spreadsheet on an automated, non-manual basis.  The VA will |
| 9   | investigate the feasibility of an automated process to include on the |
| 10  | spreadsheets provided with each quarterly report a column containing the |
| 11  | address(es) on each of the notice letters for the VA's replacement |
| 12  | decisions.  If the VA determines that an automated process is feasible, it |
| 13  | will so advise Class Counsel and provide the address information with |
| 14  | each quarterly report.  If the VA determines that an automated process is |
| 15  | not feasible, it will so advise Class Counsel.  Class Counsel agrees to |
| 16  | accept in good faith the VA's determination of feasibility.  Regardless of |
| 17  | the VA's determination, the VA will continue to provide copies of all |
| 18  | notice letters for replacement decisions to Class Counsel to satisfy |
| 19  | paragraph 3 of the Order. |

20  3.  When, pursuant to paragraph 3 of the November 5, 2020 Order, the VA provides
21  Class Counsel "with a copy of (a) all of the *Nehmer* readjudication decisions identified, (b) all of
22  the replacement decisions issued, and (c) each notice letter sent to the class members and coding
23  sheet associated with such replacement decisions," ECF No. 492, it will provide PDF copies
24  with Optical Character Recognition ("OCR") to the maximum extent feasible.  While the VA
25  anticipates the very large majority of documents provided will be capable of OCR, it has
26  advised, and Plaintiffs have acknowledged, that a limited number of documents, primarily
27  historical documents—for example, prior adjudication decisions dating back several decades in
28  some cases—are unlikely to be capable of OCR.

4. The VA shall send to each adjudicator it assigns to prepare a replacement decision under the November 5, 2020 Order the operative guidance which the VA prepared in 2011 and included in its February 2012 and July 2016 revisions of the Nehmer Training Guide to implement Footnote 1 from the 1991 Final Stipulation and Order in this case. This guidance is currently referenced in the VA's Live Manual at Part IV, Subpart ii, Chapter 2, Section C, Topic 4(d).

5. The VA shall continue its practice of providing Class Counsel with information about unlocated payees—*i.e.*, those payees whom the VA has been unable to locate for purposes of making payment—by providing with each quarterly report the following, to the extent applicable for an individual unlocated payee reported: VA claims file number; Social Security number; veteran's first name; veteran's last name; claimant's name (if different from veteran); undeliverable mail has been received; unable to identify a payee; unable to locate payee (payee identified, but no address available); type of mail returned (VCAA, rating, etc.); veteran/claimant's phone number; attempts made to obtain valid address; last known address; comments. By agreeing to provide this information to Class Counsel, the VA does not concede that any use of this information by Class Counsel to locate payees is compensable for purposes of any future request for attorney's fees and expenses.

6. On November 30, 2022, the VA shall provide an Undeliverable Report to Class Counsel. The Undeliverable Report shall contain the information set forth below for each payee to whom the VA has either sent a check or transferred money by direct deposit for the amount of retroactive compensation owed to the payee as a result of a replacement decision and the check was returned to the VA as undeliverable or the VA receives notice that the direct deposit failed. The Undeliverable Report will include VA claims file number, Social Security number; veteran's first name; veteran's last name; payee name; reason for payment return, payment amount returned, date of return, and address of payment (if sent by mail).

1
2
3  PURSUANT TO STIPULATION, IT IS SO ORDERED.
4
5  Dated: __June 11__, 2021          _____
6                                    WILLIAM ALSUP
                                      United States District Court Judge
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28