| | |
|---|---|
| NATIONAL VETERANS LEGAL SERVICES PROGRAM<br>Barton F. Stichman (DC SB# 218834) (pro hac vice)<br>Richard V. Spataro (DC SB# 975956) (pro hac vice)<br>Alessandra M. Venuti (DC SB# 1017138) (pro hac vice)<br>1600 K Street, NW, Suite 500<br>Washington, DC 20006<br>Telephone: (202) 265-8305<br>Facsimile: (202) 223-9199<br>bart@nvlsp.org<br>richard@nvlsp.org<br>alie@nvlsp.org<br><br>*Attorneys for Plaintiffs* | U.S. DEPARTMENT OF JUSTICE<br>BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br>LESLEY R. FARBY<br>Assistant Director<br>M. ANDREW ZEE<br>Attorney<br>Federal Programs Branch<br>450 Golden Gate Ave., Room 7-5395<br>San Francisco, CA 94102<br>Telephone: (415) 436-6646<br>Fax: (415) 436-6632<br>Email: m.andrew.zee@usdoj.gov<br><br>*Attorneys for Defendant* |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BEVERLY NEHMER, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF VETERANS AFFAIRS,<br><br>*Defendant*. | CASE NO. 3:86-cv-06160 WHA<br><br>**STIPULATION AND [PROPOSED] ORDER TO MODIFY DEADLINE FOR THE VA TO COMPLETE REPLACEMENT DECISIONS UNDER NOVEMBER 5, 2020 ORDER, ECF NO. 492, AND JUNE 11, 2021 ORDER, ECF NO. 494** |

## STIPULATION

Class Counsel, on behalf of Beverly Nehmer and the plaintiff class ("Plaintiffs"), and Defendant, the U.S. Department of Veterans Affairs (the "VA"), respectfully request that for a small subset of the veterans identified under the Court's Order on Motion for Enforcement of Final Judgment, ECF No. 492, the Court modify the current November 30, 2022 deadline for the

VA to issue replacement decisions, by extending that deadline to May 31, 2023. In support of this request, the parties stipulate and agree as follows:

1. On July 10, 2020, Plaintiffs filed a Motion for Enforcement of Final Judgment, seeking to compel the VA to readjudicate certain disability and death benefits decisions of Blue Water Navy veterans and their survivors pursuant to the Final Stipulation and Order in this case filed on May 21, 1991. ECF No. 460. Following briefing and oral argument on Plaintiffs' Motion, the Court on November 5, 2020 issued its Order on Motion for Enforcement of Final Judgment (the "Order"), ECF NO. 492. In the Order, the Court granted Plaintiffs' Motion and ordered the VA to:

> (1) identify, within 120 days of the date of this order, all of the *Nehmer* readjudication decisions made pursuant to the consent decree in which the VA denied compensation on the ground that the veteran was not entitled to the presumption of herbicide exposure because the veteran did not set foot on the landmass of Vietnam or serve in the inland waterways of Vietnam; (2) issue, within 240 days of the date of this order, a replacement decision that determines: (a) whether the veteran served in the territorial waters of the Republic of Vietnam during the war and, if so, (b) the amount of retroactive compensation, if any, the veteran or the veteran's survivor (or, if the veteran or survivor is deceased, the estate of the deceased veteran or survivor) is entitled under the terms of consent decree; and (3) provide class counsel, pursuant to the Privacy Protection Order (*see* Dkt. Nos. 224, 446, 447), with a copy of (a) all of the *Nehmer* readjudication decisions identified, (b) all of the replacement decisions issued, and (c) each notice letter sent to the class members and coding sheet associated with such replacement decisions.

*Id.* at 10. As a result of the Order issued on November 5, 2020, the original deadline to satisfy paragraph 1 was March 5, 2021, and the deadline to satisfy paragraph 2 was July 3, 2021.

2. On March 5, 2021, the VA timely satisfied paragraph 1 of the Order by notifying Plaintiffs that it had identified "all of the *Nehmer* readjudication decisions made pursuant to the consent decree in which the VA denied compensation on the ground that the veteran was not entitled to the presumption of herbicide exposure because the veteran did not set foot on the landmass of Vietnam or serve in the inland waterways of Vietnam." *Id.* The VA also, as a courtesy and pursuant to the Privacy Act Protection Order in this case, provided Plaintiffs with a spreadsheet containing the name, VA claims file number, and Social Security number of each of the 60,492 veterans identified.

3. On March 5, 2021, the VA also notified Plaintiffs of its intent to request a modification of the July 3, 2021 deadline to perform paragraph 2 of the November 5, 2020 Order. Given the large number—over 60,000—of *Nehmer* readjudication decisions the VA had identified, the limited resources available to the Veterans Benefits Administration, as well as constraints placed on the agency's adjudication processes by the COVID-19 pandemic, the parties agreed to request an extension of the VA's deadline to perform paragraph 2 of the November 5, 2020 Order to November 30, 2022. In addition, the VA agreed to provide Plaintiffs with certain specified information concerning the individual readjudications either on a quarterly basis, or on November 30, 2022. Accordingly, on May 13, 2021, the parties filed a Stipulation and Proposed Order to Modify Deadline for the VA to Issue Replacement Decisions, ECF No. 493. The Court approved that stipulation by Court Order entered June 11, 2021, and thereby extended the VA's deadline to complete the readjudication decisions to November 30, 2022. ECF No. 494.

4. Since that time, the VA has complied with the Court's Order and has issued nearly all of the required readjudication decisions for the more than 60,000 veterans it identified. The VA has also timely provided the specified supplemental information to Plaintiffs on a quarterly basis, as set forth in the parties' Stipulation, ECF No. 493. For a very small subset of the more than 60,000 veterans, however, the VA has determined that it is unlikely to complete readjudication decisions by November 30, 2022, and will require additional time to do so. This small subset numbers, as of this filing, approximately 68 veterans, which is approximately 0.1% of the total veterans the VA identified, meaning that the VA has completed 99.9% of the 60,492 readjudications.

5. On October 3, 2022, the VA contacted Class Counsel concerning this small subset of veterans, and counsel conferred on October 11, 2022. During those discussions, the VA explained that for these approximately 68 veterans, the VA had commenced the readjudication process but had been unable to complete all readjudication decisions, for reasons outside the VA's immediate control. As explained to Class Counsel, the reasons these

approximately 68 decisions were unlikely to be completed by the November 30, 2022 deadline were:

- For approximately 79% of these claims, the VA is awaiting further information or records relevant to the claim from either the claimant or another government entity (*e.g.*, Department of Defense; federal records center; military service branch). In the majority of these cases—approximately 85% of this subset—the VA is awaiting information from the claimant. Because of the nature and sequencing of the claims readjudication process, the VA could not have approached these individuals or entities at an earlier stage as it needed to develop the claim before identifying what, if any, further information or records should be obtained. For approximately 2% of this subset, the award is scheduled to be released but the Defense Finance Accounting Service (DFAS) in the Department of Defense must first determine whether any offset should be made for the claimant's receipt of military retired pay.

- For approximately 2% of the claims, a concurrent administrative appeal is pending elsewhere in the VA or the claim has been sent to the Veterans Health Administration for a medical review and opinion of the record evidence. The VA has requested that these claims be prioritized to whatever extent possible within the VA appeals process or the Veterans Health Administration.

- As of the date of this filing, approximately 19% are pending Veteran Benefits Administration (VBA) action. Due to the nature of serial processing and sequencing of the claims readjudication process, it is expected on any given day there will be some number of claims pending VBA action, as required evidence or supplemental information is received. Based on the information received, VBA will either attempt to complete and close the claim, or the claim will move to a non-VBA entity for next action, as described above.

Based on the above reasons, the VA conveyed to Plaintiffs that it will require time beyond November 30, 2022 to complete the readjudication process for the subset of 68 remaining claimants. The parties agreed, and now jointly request, that the VA be permitted an additional

six months, until May 31, 2023, to complete these readjudications. Although the VA has indicated that it will work as diligently as possible to complete these readjudications by that time, Plaintiffs recognize that completing any given readjudication is not entirely within the VA's control and that there is a possibility that not all 68 readjudications in this subset will be complete by May 31, 2023. The parties agree that obtaining additional time to fully complete all readjudications is preferable to prematurely closing out any outstanding cases solely to comply with the requested May 31, 2023 deadline, and they accordingly agree to confer if a request for an additional extension of time is warranted.

6. Should this extension request be granted, the VA has agreed that it will (a) continue to provide Plaintiffs with the information specified in paragraphs 3 and 5 of the Court's June 11, 2021 Order on a quarterly basis; and (b) provide the Undeliverable Report to Class Counsel on or before the November 30, 2022 due date specified in paragraph 6 of the June 11, 2021 Order, with the understanding that this Report will only include information available to VA as of the date of the Report. At Plaintiffs' request, the VA has also agreed that on or before November 30, 2022 it will provide Class Counsel with a list of the claimants in this subset whose readjudications have not yet been completed, along with a summary statement of the reason(s) for each claimant that the readjudication is not yet complete.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties, subject to approval by the Court, that:

1. The VA's deadline to issue replacement decisions pursuant to paragraph 2 of the November 5, 2020 Order as modified by the Court's June 11, 2021 Order be further modified and extended to May 31, 2023, under the conditions set forth below.

2. The VA shall, beginning November 30, 2022, and every three months thereafter, continue to provide to Class Counsel (a) a quarterly report on the replacement decisions issued since the previous report, (b) the documents specified in paragraph 3 of the November 5, 2020 Order for those replacement decisions, (c) a document listing the VA claims file number of those cases listed in the quarterly report in which a VA notice letter was not sent because the VA did not then possess a current address to which to mail the notice letter; (d) notice letters sent by

the VA after the last quarterly report because the VA obtained a current address to which to send the notice letter; and (e) the information set forth in paragraph 5 of the June 11, 2021 Order about payees whom the VA has been unable to locate for purposes of making payment. The quarterly report shall include an Excel spreadsheet containing, for each veteran or surviving family member for whom a replacement decision has been issued, the following information:

    a. The same information for that veteran or surviving family member previously disclosed to Class Counsel on March 5, 2021 (that is, the social security number of the living or deceased veteran; the VA claims file number; the last, first and middle name of the veteran; and the date of the veteran's death, if applicable);

    b. The effective date for disability or death benefits awarded in the replacement decision based on a presumptive condition. In the event a disability claim involves more than one presumptive condition, the VA will provide one date—the earliest effective date for all presumptive conditions at issue in the disability claim; and

    c. The full amount of the retroactive disability or death benefits awarded in any replacement decision that results in an increase in benefits awarded.

3. On or before November 30, 2022, the VA shall provide to Class Counsel a list of the claimants whose readjudications have not been completed by that date, along with a summary statement for each claimant of the reason(s) that the readjudication is not yet complete.

4. On or before November 30, 2022, the VA shall provide to Class Counsel the Undeliverable Report specified in paragraph 6 of the June 11, 2021 Order. On or before May 31, 2023, the VA shall provide to Class Counsel any amendments to the Undeliverable Report that are necessary to take into account information that became available to the VA after the date of that Undeliverable Report.

|     |     |     |
| --- | --- | --- |
|     |     | Respectfully submitted, |
| DATED: November 10, 2022 |     | NATIONAL VETERANS LEGAL SERVICES PROGRAM |

Barton F. Stichman (DC SB# 218834) (pro hac vice)
Richard V. Spataro (DC SB# 975956) (pro hac vice)
Alessandra M. Venuti (DC SB# 1017138) (pro hac vice)
1600 K Street, NW, Suite 500
Washington, DC 20006
Telephone: (202) 265-8305
Facsimile: (202) 223-9199
bart@nvlsp.org
richard@nvlsp.org
alie@nvlsp.org

By: */s/ Barton F. Stichman*
Barton F. Stichman

*Attorneys for Plaintiffs*

DATED: November 10, 2022

U.S. DEPARTMENT OF JUSTICE

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY R. FARBY
Assistant Director
Federal Programs Branch

By: */s/ M. Andrew Zee*
M. ANDREW ZEE (CA Bar #272510)

United States Department of Justice
Civil Division, Federal Programs Branch
450 Golden Gate Avenue, Room 7-5395
San Francisco, CA 94102
Telephone: (415) 436-6646
Fax: (415) 436-6632
Email: m.andrew.zee@usdoj.gov

*Attorneys for Defendant*

**ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest that I am the ECF user whose ID and password are being used in the electronic filing of this document. I further attest that I have obtained the concurrence in the filing of this document from the other signatory.

*/s/ M. Andrew Zee*
M. ANDREW ZEE

**[~~PROPOSED~~] ORDER**

Upon stipulation of the parties, and good cause appearing, the Court hereby orders:

1. The VA's deadline to issue replacement decisions pursuant to paragraph 2 of the November 5, 2020 Order as modified by the Court's June 11, 2021 Order be further modified and extended to May 31, 2023, under the conditions set forth below;

2. The VA shall, beginning November 30, 2022, and every three months thereafter, continue to provide to Class Counsel (a) a quarterly report on the replacement decisions issued since the previous report, (b) the documents specified in paragraph 3 of the November 5, 2020 Order for those replacements decisions, (c) a document listing the VA claims file number of those cases listed in the quarterly report in which a VA notice letter was not sent because the VA did not then possess a current address to which to mail the notice letter; (d) notice letters sent by the VA after the last quarterly report because the VA obtained a current address to which to send the notice letter; and (e) the information set forth in paragraph 6 of the June 11, 2021 Order about payees whom the VA has been unable to locate for purposes of making payment. The quarterly report shall include an Excel spreadsheet containing, for each veteran or surviving family member for whom a replacement decision has been issued, the following information:

    a. The same information for that veteran or surviving family member previously disclosed to Class Counsel on March 5, 2021 (that is, the social security number of the living or deceased veteran; the VA claims file number; the last, first and middle name of the veteran; and the date of the veteran's death, if applicable);

    b. The effective date for disability or death benefits awarded in the replacement decision based on a presumptive condition. In the event a disability claim involves more than one presumptive condition, the VA will provide one date—the earliest effective date for all presumptive conditions at issue in the disability claim; and

    c. The full amount of the retroactive disability or death benefits awarded in any replacement decision that results in an increase in benefits awarded.

3. On or before November 30, 2022, the VA shall provide to Class Counsel a list of the claimants whose readjudications have not been completed by that date, along with a summary statement for each claimant of the reason(s) that the readjudication is not yet complete.

4. On or before November 30, 2022, the VA shall provide to Class Counsel the Undeliverable Report specified in paragraph 6 of the June 11, 2021 Order. On or before May 31, 2023, the VA shall provide to Class Counsel any amendments to the Undeliverable Report that are necessary to take into account information that became available to the VA after the date of that Undeliverable Report.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: __November 15__, 2022        _____
                                    WILLIAM ALSUP
                                    United States District Court Judge