UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEVERLY NEHMER, et al.,

    Plaintiffs,

v.

U.S. DEPARTMENT OF VETERANS AFFAIRS,

    Defendant.

No. C 86-06160 WHA

**ORDER ON SERVICEMEMBER'S CLAIM AND PLAINTIFFS' SUBPOENA REQUEST**

## INTRODUCTION

In this settled class action concerning relief due veterans of the Vietnam War, one veteran's son contests the denial of his father's claim, while class counsel requests a subpoena to investigate the same issue on a broader basis. For reasons below, all relief is denied.

## STATEMENT

Nearly 35 years ago, Judge Thelton Henderson entered the consent decree that still governs certain timely submitted claims of Vietnam War veterans seeking compensation for diseases related to their service (Dkt. No. 141). The consent decree's coverage conditions have been clarified over time. Two are relevant here. *First*, to be eligible for relief under the consent decree, a claim must have been either (a) denied between 1985 and 1989 or else (b) pending or filed after 1989 (*see id.* ¶ 3). See *Nehmer v. Veterans' Admin.*, 284 F.3d 1158, 1162 (9th Cir. 2002); *Nehmer v. U.S. Dep't of Veterans Affs.*, 494 F.3d 846, 858 (9th Cir. 2007); 38 C.F.R. § 3.816(c)(1)–(2). *Second*, the claimant must have served in the Vietnam War, which five years ago the undersigned held meant (a) with "boots on the ground in

Vietnam," (b) in Vietnam's "brown water" (its inland waterways), or (c) in its "blue water" (its non-inland but territorial waters) (Dkt. No. 492 at 4 [*Nehmer v. U.S. Dep't of Veteran Affs.*, No. C 86-06160 WHA, 2020 WL 6508529, at *3 (N.D. Cal. Nov. 5, 2020)]).

This latest challenge to the consent decree's terms concerns a military veteran who allegedly submitted a timely claim, allegedly had put "boots on the ground" in Vietnam, yet allegedly was denied compensation because he lacked any military record corroborating that he had put "boots on the ground" — a problem allegedly plaguing 450,000 other veterans. Specifically, Servicemember Jefferson Hill flew to Saigon in 1968, touched foot to tarmac long enough to receive his final duty assignment (a short but unknown period), then departed to Thailand to complete his ordered service there. While in Saigon, he placed a phone call to his family, to which his son attests. No record of his flight exists. Some 450,000 service members purportedly put "boots on the ground" in Vietnam for stopovers on their way to and from neighboring countries during the period of the Vietnam War. And, their flight records no longer exist, either, allegedly because the records were destroyed to limit compensation due to veterans under our consent decree. These allegations were all raised by Servicemember Hill's son (Ltr. Decl. ¶¶ 4, 8–10).*

In response, the parties agreed that the Department of Veterans Affairs would provide class counsel with Servicemember Hill's claim file and that the two would exchange briefing about it and any issues implicated (Dkt. Nos. 554, 558). No hearing is necessary. Civil L.R. 7-1(b).

**ANALYSIS**

Both sides agree: Servicemember Hill was ineligible for relief under our consent decree because his claims were filed and decided *too soon* to be covered (Gov't 5; Class 2–3). His claim was filed and decided in 1975 (Class Exh. 1; *see also* Ltr. Decl. ¶ 10). But the consent decree covers only certain claims decided after 1985, as above (Dkt. No. 141 ¶ 3).

---

* In our unusual posture, our abbreviated citations are to the son's two letters and declarations (Dkt. No. 550-1 ("Ltr."); Dkt. No. 550 ("Ltr. Decl."); Dkt. No. 556 ("2d Ltr."); Dkt. No. 557 ("2d Ltr. Decl.")), the government's briefing (Dkt. No. 555 ("Gov't"); Dkt. No. 561 ("Gov't Reply")), and the class's briefing (Dkt. No. 560 ("Class")).

The VA argues there are also medical reasons why the claims are ineligible. Class counsel disagrees. There is no need to reach the issue.

For its part, class counsel requests a broad subpoena to search other departments for flight records (or for their destruction). But, as Servicemember Hill has failed other eligibility criteria already, no claim has been shown to turn solely on such evidence to merit such inquiry.

## CONCLUSION

Relief as to Servicemember Hill is **DENIED**. A subpoena is **DENIED**. The hearing associated with these matters is **VACATED AS MOOT**.

**IT IS SO ORDERED.**

Dated: September 20, 2025.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3